Atlas Sheet Metal Works, a partnership, sued for materials, labor, overhead and profit allegedly due it by defendant for the months of January and February, 1947, as shown by itemized statements attached to the petition.
In answer to defendant's plea for detailed information, plaintiff responded that the materials were furnished and the work done in the assembling of incinerators for installation in homes, all according to defendant's specifications.
The City Court gave judgment for the plaintiff as prayed for and the case is before us on defendant's appeal from that judgment.
Plaintiff is engaged in the business of shaping and assembling objects made of sheet iron and steel. The defendant is engaged in the business of manufacturing and marketing metal incinerators. In September, 1946, defendant began to purchase materials and do business with plaintiff on a cash basis. In October an account was opened. Some of the articles purchased were in finished form, others consisted of sheet metal or other material.
The evidence showed that plaintiff furnished the materials and that its employees performed the hours of labor as listed in the itemized statements sued upon. Defendant himself and his son, on the witness stand, verified rather than denied the use of materials and performance of labor, but contended that the charges were excessive and particularly objected to the item showing a mark-up of 50% for "profit, overhead, etc."
One of the partners in the plaintiff company testified that his method of computing charges for work done was to list the actual cost of materials and actual wages paid to his employees for the hours devoted to the different jobs and to add 50% to cover the management and operating costs, including rent, utilities, insurance, etc., and that after these costs were paid, the net profit was approximately 15%.
One of the partnership members further defended the method of arriving at a price by stating that he had been twenty-five years in the sheet metal business and the 50% mark-up is the practice of "everyone of them." Defendant introduced no testimony to show that the price charged by plaintiff for materials and labor was higher than those usual in the business.
In support of a plea of payment, defendant introduced in evidence a statement for $67.50 dated December 31, 1946, together with cancelled checks payable to plaintiff, one for $67.00 marked "Dec. bill in full" and another for $126.65 marked "Jan. Acc in full." Defendant's counsel in brief argues that since his client had given two checks, one marked in payment of December account and the other in payment of January account, that "this would settle any claim for January." *Page 391 
The evidence in the record sustains the finding of the lower court that plaintiff furnished materials and did the work as listed, upon which the suit was filed. Since defendant failed to establish either that the prices were excessive or that payment was made, the City Court correctly gave judgment for the plaintiff as prayed for and same is affirmed, with costs.